# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1999 SESSION

FILED

October 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 02C01-9902-CC-00057 |
| Appellee, | * | McNAIRY COUNTY |
| VS. | * | Honorable Jon Kerry Blackwood, Judge |
| **PATRICK FORD,** | * | (Burglary--Theft of Property over $1000) |
| Appellant. | * | |

FOR THE APPELLANT:

WILLIAM KEN SEATON
P.O. Box 366
Selmer, TN 38375

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

ELIZABETH T. RICE
District Attorney General

ED NEAL McDANIEL
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Patrick Ford, was convicted of burglary and theft of property valued between $1000 and $10,000 following a jury trial in the McNairy County Circuit Court. The trial court sentenced the defendant to the Department of Correction for concurrent sentences of two years on the burglary and four years on the theft, to be served consecutively to a prior unrelated sentence. The defendant appeals, arguing that the evidence at trial was insufficient for a reasonable trier of fact to have found the elements of the offenses beyond a reasonable doubt. After review, we AFFIRM the judgment of the trial court.

## BACKGROUND

In the light most favorable to the state, see State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978), the record shows that law enforcement officers parked a surveillance van near the Townhouse Apartments in Selmer, Tennessee, on the evening of October 7, 1997. The van was equipped with a camera mounted in a glass dome, a VCR, radios, televisions, headphones, and other surveillance equipment. Residents of the apartments testified that they observed the defendant and an accomplice, Leonard Williams, looking at the van the following morning. Williams apparently spotted the camera on the van. The defendant went to the apartments, borrowed a baseball bat, and then returned to the van and knocked off the camera. He then dismantled the camera, apparently taking out the tape.

The two left but returned a few minutes later with a third person, Fredrick Robinson. The defendant knocked out the driver's side window of the van with a hammer, unlocked the door, and the three men entered the van. A short time later, witnesses observed them exit the van with some Polaroid pictures and an

intercom. Later that day, the defendant's two accomplices were seen leaving the van with a VCR and some tapes.

At approximately five o'clock that evening, a law enforcement officer noticed that the window of the van was broken and that the tires had been cut. Upon further investigation, he found that the VCR, several tapes, the intercom, a set of headphones, and the camera were missing and that other parts of the van had been vandalized. The total replacement cost of the missing and damaged items exceeded $11,500. The replacement costs of the camera, lens, and lens extender were $900, $850, and $195 respectively. The intercom was valued at $75.

**ANALYSIS**

The defendant contends that the evidence was insufficient to support either of his convictions. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See Cabbage, 571 S.W.2d at 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

-3-

Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

The defendant has not carried this burden. Regarding his burglary conviction, the defendant concedes that the testimony was sufficient to establish the elements of this offense. He argues only that the state's witness who testified that she saw the defendant enter the vehicle was not credible. The challenged evidence was competent to go to the jury, and the credibility of witnesses is an issue for the trier of fact. This argument is without merit.

As to the defendant's theft conviction, the Code provides that "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. Theft of property is a Class D felony if the property is valued between $1000 and $10,000. See Tenn. Code Ann. § 39-14-105. The defendant cites Tennessee common law preceding these code sections for the proposition that theft requires a "taking and carrying away," and he emphasizes that the intercom was the only item that he was seen "taking and carrying away." As noted above, however, the statutory offense does not require this element. Rather, it is sufficient that the offender "knowingly obtain[s] or exercise[s] control over the property."

In addition to evidence indicating that the defendant broke into and vandalized the van, the state presented specific proof that the defendant exercised control over both the camera and intercom. These items were worth,

collectively, in excess of $1000. The state's proof that the defendant destroyed the camera and carried away the intercom sufficiently indicated his intent to deprive the owner of the property. Finally, the state presented testimony that neither the defendant nor his accomplices had permission to enter the vehicle or to exercise control over any of the equipment. Therefore, we find the evidence sufficient as to each element of theft.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JAMES CURWOOD WITT, JR., Judge